J-A14040-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
  :       PENNSYLVANIA
       Appellee   :
  :
       v.   :
  :
CRYSTAL NOEL STALLINGS,   :
  :
       Appellant   : No. 1314 MDA 2014

Appeal from the Judgment of Sentence Entered December 30, 2013,
in the Court of Common Pleas of York County,
Criminal Division, at No(s): CP-67-CR-0000943-2013

BEFORE:    BENDER, P.J.E., JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED JUNE 16, 2015**

Crystal Noel Stallings (Appellant) appeals from the judgment of sentence imposed following her conviction for two counts of aggravated assault. Upon review, we affirm.

The facts of this case can be summarized as follows. Around 10:00 p.m. on November 15, 2012, an incident occurred between Appellant and the Victim, Shawntaya Council outside of the apartment shared by Appellant and her girlfriend, Brandy. Brandy's six-year-old daughter was also at the home. Prior to the incident, Stacy Myers, Victim's girlfriend and a friend of Appellant, picked up the Victim after work that night. Another friend, Sharday, called the Victim and told her that Appellant wanted to "resolve the

---

*Retired Senior Judge assigned to the Superior Court.

issue" with the Victim. N.T., 11/12/2013, at 82.[1] Stacy and the Victim drove to Appellant's apartment.[2] Appellant, who resided on the second floor, went downstairs when the Victim and Stacy arrived. Sharday was also there, but had driven separately. The Victim testified that when Appellant came down the stairs, "she didn't look like herself." *Id*. at 114. Appellant was carrying "two knives, one in each hand[,]" and was "fidgety." *Id*. at 114, 118. The Victim and Appellant engaged in a conversation, witnessed by Sharday and Stacy. The Victim, concerned for her safety, moved so she was standing on the other side of a fence, then "swung out of defense for" herself, missing Appellant. *Id*. at 118. After the Victim took a second swing, which made contact with Appellant's face, Appellant went around the fence and stabbed the Victim with both knives, injuring her upper abdomen and her neck.

The Victim then ran away, past Stacy and Sharday, with Appellant chasing her. The Victim then spotted a police officer, Officer Christopher Roosen, who called for an ambulance and backup. The Victim told Officer Roosen that she was stabbed by Appellant. The Victim required extensive

---

[1] The Victim testified that this "issue" involved Appellant's telling Stacy that the Victim was "cheating on" Stacy. N.T., 11/12/2013, at 108.

[2] The Victim used to live at that apartment, and Appellant and Brandy moved in when she moved out. Both the Victim and Stacy went to Appellant's home on a daily basis. It was their custom to park in the back of the apartment and take a walkway to access the front of the complex.

surgery to repair the damage to her abdomen and was hospitalized for several days.

Officer Timothy Clymer and two other police officers responded to the area. Appellant let Officer Clymer into the apartment where he observed an open pocketknife. Officer Matthew Irvin took Appellant into custody, and during this time, Appellant tried to explain why she stabbed the Victim.

Appellant was charged with two counts of aggravated assault in connection with this incident. A jury trial commenced on November 12, 2013, and Appellant was found guilty as to both counts. On December 30, 2013, Appellant was sentenced, in the mitigated range, to 42 to 84 months' incarceration. Appellant filed timely a post-sentence motion, which was denied on May 27, 2014. Appellant filed a notice of appeal; however, that appeal was quashed by this Court as untimely filed.[3] Appellant's direct appeal rights were restored *nunc pro tunc*, and she filed timely a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant sets forth three issues for our review.

> [1.] Whether the Commonwealth presented insufficient evidence to overcome Appellant's belief that she was reasonably in immediate fear of serious bodily injury or death when surrounded by multiple, potentially armed, attackers with no avenue of complete safety to retreat?

---

[3] The notice of appeal was filed one day late.

- 3 -

[2.] Whether the Commonwealth presented insufficient evidence to overcome Appellant's belief that she was reasonably in immediate fear of serious bodily injury or death because Appellant had a reasonable belief that the victim was armed with a firearm at the time Appellant stabbed the victim?

[3.] Whether the verdict was against the weight of the evidence because the evidence demonstrates Appellant's use of deadly force was reasonable under the circumstances.

Appellant's Brief at 5 (suggested answers omitted).

Appellant's first two claims challenge the sufficiency of the evidence.[4]

She contends the Commonwealth did not present sufficient evidence to rebut

her claim that she acted in self-defense. Appellant's Brief at 12-15. We

review this claim mindful of our well-settled standard of review.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses

---

[4] Appellant addresses her first two issues together, and we will do the same.

and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Smith*, 97 A.3d 782, 790 (Pa. Super. 2014).

According to our Supreme Court, the justified use of deadly force requires:

a) the actor was free from fault in provoking or continuing the difficulty which resulted in the use of deadly force; b) the actor must have reasonably believed that he was in imminent danger of death or serious bodily injury, and that there was a necessity to use such force in order to save himself or others therefrom; and c) the actor did not violate any duty to retreat or to avoid the danger.

*Commonwealth v. Harris*, 542 Pa. 134, 137, 665 A.2d 1172, 1174 (1995). The defendant has no "burden to prove" his self-defense claim. *Commonwealth v. Torres*, 564 Pa. 219, 224, 766 A.2d 342, 345 (2001). The Supreme Court explained the evidentiary burdens as follows:

While there is no burden on a defendant to prove the [self-defense] claim, before that defense is properly at issue at trial, there must be some evidence, from whatever source to justify a finding of self-defense. If there is any evidence that will support the claim, then the issue is properly before the fact finder.

*Id*. (internal citations omitted). If the defendant properly raises "self-defense under Section 505 of the Pennsylvania Crimes Code, the burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense." *Commonwealth v. McClendon*, 874 A.2d 1223, 1229–30 (Pa. Super. 2005).

The Commonwealth sustains this burden if it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or

3) the accused had a duty to retreat and the retreat was possible with complete safety.

***Commonwealth v. Hammond***, 953 A.2d 544, 559 (Pa. Super. 2008). The Commonwealth must establish only one of these three elements beyond a reasonable doubt to insulate its case from a self-defense challenge to the evidence. The Commonwealth can negate a self-defense claim if it proves the defendant did not reasonably believe he was in imminent danger of death or great bodily injury and it was necessary to use deadly force to save himself from that danger.

> The requirement of reasonable belief encompasses two aspects, one subjective and one objective. First, the defendant must have acted out of an honest, bona fide belief that he was in imminent danger, which involves consideration of the defendant's subjective state of mind. Second, the defendant's belief that he needed to defend himself with deadly force, if it existed, must be reasonable in light of the facts as they appeared to the defendant, a consideration that involves an objective analysis.

***Commonwealth v. Mouzon***, 617 Pa. 527, 551, 53 A.3d 738, 752 (2012).

***Smith***, 97 A.3d at 786-87 (some citations omitted).

Appellant first argues that the Commonwealth failed to prove that she "did not reasonably believe that [s]he was in danger of death or serious bodily injury." ***Id***. at 787. Appellant contends her belief that she feared for her life was subjectively reasonable because she knew that the Victim "had a concealed weapons permit, owned a firearm, and was known to carry a razor [blade] in her purse." Appellant's Brief at 13.

- 6 -

The trial court concluded that there was "no evidence that the [V]ictim was armed with any weapon or that it was reasonable for [Appellant] to think the [V]ictim was armed under the circumstances." Trial Court Opinion, 10/30/2014, at 7. "Simply put, [Appellant] brought not just one but two knives to a fist fight." *Id*.

Appellant's testimony is instructive. When asked if she could see any weapons during the altercation, Appellant testified as follows: "Not visibly, but there was an incident, like, when we were on talking terms, that [the Victim] and Sharday were kind of joking around and [the Victim] knocked [Sharday's] purse over and a razor blade fell out. [The Victim] also has a permit to carry a gun." N.T., 11/12/2013, at 178. Appellant further testified that she saw the Victim with a gun about a month earlier, and she saw Sharday with a razor blade the week prior.

It is well-settled that "issues of whether a defendant acts out of an honest, *bona fide* belief and whether such belief was reasonable are questions properly resolved by the finder of fact." **Commonwealth v. Hill**, 629 A.2d 949, 952 (Pa. Super. 1993). Here, the Commonwealth called into doubt Appellant's testimony by presenting evidence that Appellant did not bring this information to the attention of the police when she was interviewed after the incident. N.T., 11/12/2013, at 186-87. Moreover, Appellant conceded that she never saw a weapon on either the Victim or

Sharday during the altercation. "Although the Commonwealth is required to disprove a claim of self-defense arising from any source beyond a reasonable doubt, a jury is not required to believe the testimony of the defendant who raises the claim." ***Commonwealth v. Bullock***, 948 A.2d 818, 824 (Pa. Super. 2008). Accordingly, this evidence, which the jury clearly credited, was sufficient for the jury to conclude that Appellant did not reasonably believe she was in danger of imminent death or serious bodily injury. Thus, this claim for relief fails.

Because the evidence was sufficient to show that Appellant's belief that she was in danger was unreasonable, the Commonwealth satisfied its burden to prove that Appellant's stabbing of the Victim was not justifiable self-defense. As the Commonwealth is only required to satisfy one element of the aforementioned test, we need not consider Appellant's arguments as to the others. Therefore, we hold that the Commonwealth sustained its burden "to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense." ***Smith***, 97 A.3d at 787.

In Appellant's final issue, she contends that the verdict was against the weight of the evidence. Appellant's Brief at 16-18. In her brief, Appellant sets forth several purported inconsistencies in the Victim's testimony and contends the jury "ignored facts that were of such greater

weight than what they used to convict her that [Appellant's] conviction shocks [the] conscience[.]" *Id*. at 18.

We set forth our well-settled standard of review.

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Houser*, 18 A.3d 1128, 1135-36 (Pa. 2011) (quotations and citations omitted).

The trial court concluded the following.

> [Appellant] took the stand and testified to her version of events. The jury was free to believe all, part or none of [Appellant's] testimony, as they were with each and every Commonwealth witness. [Appellant] is not entitled to a new trial when challenging the weight of the evidence simply because [Appellant's] version of events may conflict with another witness's version. In this case, the jury found the testimony of the [V]ictim and other Commonwealth witnesses to be credible. The jury weighed this testimony with [Appellant's] testimony and found [Appellant's] acts were not justified under the theory of self-defense. This conclusion by the jury does not shock [the trial court's] sense of justice.

Trial Court Opinion, 10/30/2014, at 10.

We discern no abuse of discretion in the manner in which the trial court disposed of Appellant's weight-of-the-evidence claim. Accordingly, Appellant is not entitled to relief on her claim that the verdict was against the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2015