J-S37012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHARIFF JONES | |
| Appellant | No. 775 EDA 2014 |

Appeal from the PCRA Order March 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0402231-2006

BEFORE: GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 30, 2015**

Appellant, Shariff Jones,[1] appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[2] We affirm.

The PCRA court set forth the relevant facts and procedural history of this case as follows:

> On August 21, 2005, at approximately 1:45 A.M., the victim, Mitchell George, was at the corner of 53rd and Market Streets in Philadelphia with his friend Latasha Davis, her cousin Terra Davis, and their friend Michele Abney. The group was walking to the victim's car after Latasha Davis' birthday party when they were approached

---

[1] We note Appellant's first name is variously spelled as "Shariff," "Sharif," and "Sharieff" throughout the certified record.

[2] 42 Pa.C.S.A. §§ 9541-9546.

by Appellant and his brother, Ramarr Jones. Appellant had been in a relationship with Terra Davis that ended in 2004. Appellant began an argument with the group, and the victim urged his friends to get in the car. Appellant began to walk away but then turned back and struck Terra Davis in the face. A physical altercation ensued and Appellant pinned the victim down on the driver's seat of the car. Appellant then took out a gun wrapped in a sock, and when Latasha Davis attempted to reach for the gun, Appellant struck her in the face.[1] Appellant then fatally shot the victim twice in the back of the head. Appellant and his brother then fled from the scene. Appellant was a fugitive until his apprehension on January 31, 2006.

> [1] Appellant's statement to police and Appellant's brother's trial testimony alleged that the victim also had a gun, but this patently self-serving allegation was contrary to all evidence presented at trial and rejected by the factfinder.

Appellant was tried by jury before [the court] from February 6 through 8, 2007 and was convicted of first-degree murder, possessing an instrument of crime, and possessing a firearm not to be carried without a license. This [c]ourt imposed the mandatory sentence of life in prison without the possibility of parole for first-degree murder and prison sentences of one to two years each for the two additional charges, all to run concurrently. Appellant appealed to the Superior Court, which affirmed Appellant's conviction on February 24, 2009. The Supreme Court denied *allocatur* on July 28, 2009.

Appellant then filed a timely *pro se* petition under the Post-Conviction Relief Act on June 24, 2010. Counsel filed two Amended Petitions on May 31, 2012 and June 27, 2012, each alleging a specific instance of ineffective assistance of counsel. The Commonwealth filed a Motion to Dismiss. After review by [the court] and after sending notice pursuant to a [Pa.R.Crim.P.] 907(1), [the court] dismissed Appellant's petitions without hearing on March 7, 2014.

(PCRA Court Opinion, filed December 22, 2014, at 1-2). Appellant filed a

timely notice of appeal on March 12, 2014. The court ordered Appellant to

file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises two issues for our review:

> DID THE [PCRA] COURT ERR IN DENYING APPELLANT AN EVIDENTIARY HEARING ON THE ISSUE THAT HIS TRIAL DEFENSE COUNSEL PREVENTED HIM FROM TESTIFYING IN HIS OWN DEFENSE AT TRIAL, WHICH IS A DENIAL OF APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHT TO TESTIFY AT HIS TRIAL?

> DID THE [PCRA] COURT ERR IN DENYING…APPELLANT AN EVIDENTIARY HEARING ON THE ISSUE THAT TRIAL DEFENSE COUNSEL WAS INEFFECTIVE WHEN HE ARGUED THAT THIS WAS A CASE OF VOLUNTARY MANSLAUGHTER NOT MURDER WHEN EVIDENCE WAS PRESENTED THAT APPELLANT ACTED IN SELF-DEFENSE AND THE TRIAL COURT GAVE AN INSTRUCTION TO THE JURY ON SELF-DEFENSE?

(Appellant's Brief at 2).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be

served by any further proceedings.  ***Commonwealth v. Hardcastle***, 549 Pa. 450, 701 A.2d 541 (1997).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Shelley Robins New, we conclude Appellant's first issue merits no relief.  The PCRA court opinion comprehensively addresses and properly disposes of the question presented.  (***See*** PCRA Court Opinion at 5-6) (finding: trial court gave Appellant thorough colloquy on his decision not to testify; Appellant acknowledged his right to testify; Appellant stated during colloquy that counsel did not force, threaten, intimidate, or promise Appellant anything to induce him to give up his right to testify; Appellant confirmed his decision was voluntary and of his own free will; court determined, based on Appellant's answers, that Appellant knowingly, intelligently, and voluntarily waived his right to testify; Appellant's ineffective assistance of counsel claim in this regard lacks merit).  Accordingly, as to Appellant's first issue we affirm on the basis of the PCRA court opinion.

In his second issue, Appellant argues his post-arrest statement to detectives, along with his brother's testimony at trial, corroborated the theory that Appellant acted in justifiable self-defense.  Appellant contends the jury heard evidence that the victim had a gun at the time of the shooting.  Appellant asserts the trial court's instruction to the jury on justifiable self-defense demonstrates Appellant's claim had arguable merit.

Appellant claims trial counsel was ineffective when he failed to pursue a justifiable self-defense theory and instead argued before the jury that Appellant committed voluntary manslaughter or "imperfect self-defense" and lacked the *mens rea* for first-degree murder. Appellant concludes he is entitled to an evidentiary hearing before the PCRA court on this issue. We cannot agree.

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, a petitioner is required to make the following showing: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Kimball***, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Williams, supra***.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…" ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Taylor***, 933 A.2d 1035, 1042 (Pa.Super. 2007), *appeal*

*denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (quoting ***Commonwealth v.***

***Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004)).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

***Pierce, supra*** at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [***Kimball, supra***]*,* we held that a "criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

***Commonwealth v. Chambers***, 570 Pa. 3, 21-22, 807 A.2d 872, 883

(2002) (some internal citations and quotation marks omitted).

The Pennsylvania Crimes Code governs self-defense in relevant part as

follows:

> **§ 505.   Use of force in self-protection**
>
> **(a) Use of force justifiable for protection of the person.**—The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.
>
> **(b) Limitations on justifying necessity for use of force.**—

\* \* \*

(2)   The use of deadly force is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat; nor is it justifiable if:

(i)   the actor, with the intent of causing death or serious bodily injury, provoked the use of force against himself in the same encounter; or

(ii)   the actor knows that he can avoid the necessity of using such force with complete safety by retreating…

\* \* \*

18 Pa.C.S.A. § 505(a), (b).[3]   The justified use of deadly force requires several elements:

[It] must be shown that a) the actor was free from fault in provoking or continuing the difficulty which resulted in the use of deadly force; b) the actor must have reasonably believed that he was in imminent danger of death or serious bodily injury, and that there was a necessity to use such force in order to save himself or others therefrom; and c) the actor did not violate any duty to retreat or to avoid the danger.

**_Commonwealth v. Harris_**, 542 Pa. 134, 137, 665 A.2d 1172, 1174 (1995).

Additionally, under the law of the case doctrine, "a court involved in the later phases of a litigated matter should not reopen questions decided by

_____

[3]   Section 505 was amended, effective August 29, 2011, to add Pennsylvania's "stand your ground" law.  The amendment took effect after the date of the incident (August 21, 2005).  Therefore, the 2011 amendment to Section 505 does not apply to this case.

another judge of that same court or by a higher court in the earlier phases of the matter." ***Commonwealth v. Starr***, 541 Pa. 564, 574, 664 A.2d 1326, 1331 (1995).

> Among the related but distinct rules which make up the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.
>
> The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy (as does the coordinate jurisdiction rule) but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

***Id.*** (internal citations omitted).  Nevertheless, "the law of the case doctrine might not apply under exceptional circumstances, including: an intervening change in the law, a substantial change in the facts, or if the prior ruling was clearly erroneous and would create a manifest injustice if followed." ***Commonwealth v. McCandless***, 880 A.2d 1262, 1268 (Pa.Super. 2005) (*en banc*) (quoting ***Starr, supra*** at 1332).

Instantly, on his direct appeal, Appellant argued insufficient evidence supported his murder conviction, in part because the Commonwealth failed

to disprove beyond a reasonable doubt Appellant's claim of justifiable self-defense. This Court addressed Appellant's argument as follows:

> The trial court rejected [Appellant's] claim of self-defense on the basis that "the jury chose to accept the Commonwealth's version of the facts and reject the version of the facts presented by [Appellant]." Under the Commonwealth's version of the facts, unlike the defense version, the victim did not possess a gun. After reviewing the record, we agree with the trial court's determination and affirm on the basis of the Supplemental Trial Court Opinion with regard to this issue.

**Commonwealth v. Jones**, No. 666 EDA 2007, unpublished memorandum at 6 (Pa.Super. filed February 24, 2009) (internal citations omitted). Appellant fails to suggest any exceptional circumstances to compel reconsideration of this Court's prior decision regarding the substantive merit of Appellant's claim that he acted in justifiable self-defense. Absent exceptional circumstances, we decline to alter this Court's previous resolution of that issue.[4] **See Starr, supra**. Therefore, Appellant's underlying claim lacks arguable merit in the context of ineffective assistance

---

[4] Moreover, the record supports this Court's previous resolution of Appellant's self-defense claim. The evidence was undisputed that Appellant initiated the confrontation with the victim and shot the victim in the back of the head. No evidence supported a justifiable self-defense claim other than the self-serving statements of Appellant and his brother that the victim "possessed" a gun. The police, however, recovered no gun from the victim; and no other witnesses observed the victim with a gun. Additionally, our disposition is unaffected by the trial court's decision to issue a self-defense jury instruction out of an abundance of caution.

of trial counsel.  ***See Williams, supra***; ***Kimball, supra***.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/30/2015