J-A17015-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRANK TEPPER | |
| Appellant | No. 1579 EDA 2012 |

Appeal from the Judgment of Sentence April 4, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001877-2010

BEFORE:  GANTMAN, P.J., PANELLA, J., and STABILE, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 29, 2014**

Appellant, Frank Tepper, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for first-degree murder, possessing an instrument of crime ("PIC"), and recklessly endangering another person ("REAP").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On November 21, 2009, Appellant was hosting a family function at his house in Port Richmond.  That same day, the victim, William Panas, and some of his friends were socializing outside a nearby building.  Around 10:30 p.m., a fight erupted between the victim, the victim's friends, and various people

_____

[1] 18 Pa.C.S.A. § 2502(a), 18 Pa.C.S.A. § 907(a), 18 Pa.C.S.A. § 2705, respectively.

attending Appellant's family function. Appellant, an off-duty Philadelphia police officer, went outside with a firearm and attempted to disperse the crowd. The Commonwealth's witnesses testified Appellant pointed his gun at them and said, "Back the fuck up." Appellant then pointed the gun at the victim, who stated in response, "What, are you fucking going to shoot me?" One witness testified that the victim said, "[Appellant] is not going to shoot anyone." Appellant responded by shooting and killing the victim. Forensic evidence showed the victim's clothing had no traces of lead residue, which indicated Appellant's gun was at least three feet away from the victim's body when Appellant fired his weapon.

On February 23, 2012, following a five-day trial, a jury found Appellant guilty of first-degree murder, PIC, and REAP. On April 4, 2012, the court sentenced Appellant to life imprisonment for the first-degree murder conviction, plus a concurrent term of one (1) to two (2) years' imprisonment for each of the lesser convictions. Appellant timely filed a post-sentence motion on April 9, 2012. On May 7, 2012, the court denied the post-sentence motion. On May 16, 2012, Appellant timely filed a notice of appeal. The court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); and Appellant filed none.

Appellant raises the following issues for our review:

THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW

TO CONVICT…APPELLANT OF FIRST DEGREE MURDER, POSSESSING AN INSTRUMENT OF CRIME AND RECKLESSLY ENDANGERING ANOTHER PERSON WHERE THE EVIDENCE INDICATED THAT…APPELLANT WAS ACTING IN SELF DEFENSE WHEN HE DISCHARGED THE FIREARM A SINGLE TIME.

THE [VERDICT] WAS AGAINST THE WEIGHT OF THE EVIDENCE TO CONVICT…APPELLANT OF FIRST DEGREE MURDER, POSSESSING AN INSTRUMENT OF CRIME AND RECKLESSLY ENDANGERING ANOTHER PERSON WHERE THE EVIDENCE INDICATED THAT…APPELLANT WAS ACTING IN SELF DEFENSE WHEN HE DISCHARGED THE FIREARM A SINGLE TIME.

(Appellant's Brief at 5).

The following principles of review apply to challenges to the sufficiency

of evidence:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Jones***, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting ***Commonwealth v. Bullick***, 830 A.2d 998, 1000 (Pa.Super. 2003)). When reviewing a claim that the evidence was insufficient to support the verdict, all evidence and reasonable inferences therefrom are viewed in the light most favorable to the Commonwealth as the verdict winner. ***Commonwealth v. Simmons***, 541 Pa. 211, 223, 662 A.2d 621, 627 (1995).

Our standard of review for a challenge to the weight of the evidence is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted).

The Pennsylvania Crimes Code governs self-defense in relevant part as follows:

### § 505. Use of force in self-protection

**(a) Use of force justifiable for protection of the person.**—The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

**(b) Limitations on justifying necessity for use of force.—**

\* \* \*

(2)  The use of deadly force is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat; nor is it justifiable if:

(i)  the actor, with the intent of causing death or serious bodily injury, provoked the use of force against himself in the same encounter; or

(ii)  the actor knows that he can avoid the necessity of using such force with complete safety by retreating…

\* \* \*

18 Pa.C.S.A. § 505(a), (b).[2]  The justified use of deadly force requires

several elements:

[It] must be shown that a) the actor was free from fault in provoking or continuing the difficulty which resulted in the use of deadly force; b) the actor must have reasonably believed that he was in imminent danger of death or serious bodily injury, and that there was a necessity to use

_____

[2] Section 505 was amended, effective August 29, 2011, to add Pennsylvania's "stand your ground" law. The amendment took effect after the date of the incident (November 21, 2009). Therefore, the 2011 amendment to Section 505 does not apply to this case.

such force in order to save himself or others therefrom; and c) the actor did not violate any duty to retreat or to avoid the danger.

*Commonwealth v. Harris*, 542 Pa. 134, 137, 665 A.2d 1172, 1174 (1995).

There is, however, no burden on the defendant to "prove" the self-defense claim. *Commonwealth v. Torres*, 564 Pa. 219, 224, 766 A.2d 342, 345 (2001). The Supreme Court explained the evidentiary burdens as follows:

While there is no burden on a defendant to prove the [self-defense] claim, before that defense is properly at issue at trial, there must be some evidence, from whatever source to justify a finding of self-defense. If there is any evidence that will support the claim, then the issue is properly before the fact finder.

*Id.* (internal citations omitted). *See also Commonwealth v. Bullock*, 948 A.2d 818, 824 (Pa.Super. 2008) (stating same standard).

When the defendant properly raises "self-defense under Section 505 of the Pennsylvania Crimes Code, the burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense." *Commonwealth v. McClendon*, 874 A.2d 1223, 1229-30 (Pa.Super. 2005).

The Commonwealth sustains this burden if "it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety."

*Id.* at 1230 (quoting *Commonwealth v. Yanoff*, 690 A.2d 260, 264 (Pa.Super. 1997), *appeal denied*, 548 Pa. 681, 699 A.2d 735 (1997)). The

Commonwealth must establish one of these three elements beyond a reasonable doubt to insulate its case from a defense challenge to the sufficiency of the evidence where self-protection is at issue. **Commonwealth v. Burns**, 765 A.2d 1144, 1149 (Pa.Super. 2000), *appeal denied*, 566 Pa. 657, 782 A.2d 542 (2001). "It remains the province of the jury to determine whether the accused's belief was reasonable, whether he was free of provocation, and whether he had no duty to retreat." **McClendon, supra** at 1230.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Shelley Robins New, we conclude Appellant's claims merit no relief. The trial court opinion fully discusses and properly disposes of the issues presented. (**See** Trial Court Opinion, filed June 24, 2013, at 3-6) (finding: **(1)** the Commonwealth presented four witnesses and forensic evidence at trial; three of four witnesses testified Appellant had also pointed his gun at them and said, "Back the fuck up," and they complied; all four witnesses testified Appellant then pointed gun at victim who responded by saying, "What, are you fucking going to shoot me?" or "[Appellant] is not going to shoot anyone"; Appellant responded by shooting and killing victim; forensic evidence showed victim's clothing had no traces of lead residue, which indicated Appellant's gun was at least three feet away from victim's body when Appellant fired weapon; thus, evidence was sufficient to allow jury to

conclude shooting was intentional, unjustified, and with malice; **(2)** Appellant presented four witnesses who testified to version of facts favorable to Appellant; Appellant's four witnesses claimed victim was aggressor; jury was free to reject any witness' testimony as jury saw fit; jury's rejection of testimony of Appellant's witnesses does not shock one's sense of justice; verdict was not against weight of evidence). Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2014

# IN THE COURT OF COMMON PLEA OF PHILADELPHIA COUNTY

## CRIMINAL TRIAL DIVISION

**COMMONWEALTH OF PENNSYLVANIA**     :     **CP-51-CR-0001877-2010**

v.     CP-51-CR-0001877-2010 Comm. v. Tepper, Frank
Opinion

**FRANK TEPPER, Appellan**    o. 1579 EDA 2012

7034837521

**FILED**

JUN 24 2013

Criminal Appeals Unit
First Judicial District of P

### OPINION OF THE COURT

Appellant Frank Tepper timely appeals from this Court's judgments of sentence. From February 13 through February February 23, 2012 Appellant was tried before this court sitting with a jury. At the conclusion of trial the jury found Appellant guilty of First Degree Murder, Possessing an Instrument of Crime (PIC), and Recklessly Endangering Another Person (REAP).

On April 4, 2012 this Court sentenced Appellant to life imprisonment for the murder conviction and imposed additional one to two (1-2) year sentences for each of the lesser convictions. All sentenced were to run concurrently.

Timely post sentence motions alleging that the verdict was against the weight of the evidence were filed and denied. The instant timely appeal followed.

Many of the facts in this case were undisputed. On November 21, 2009, Appellant, an off duty police officer shot and killed twenty-one (21) year old Billy Panas on the 2600 block of Elkhart Street in Philadelphia. The shooting occurred near the Stokley Playground. Appellant fired one shot from a distance of greater that two and a half (2 ½) feet. The shot struck the decedent in the chest, killing him. Appellant had been hosting a family function in his house which was on the block at the time of the killing. Prior to the killing a physical altercation ensued that involved the decedent and others.

1

The jury's responsibility in this case was to determine Appellant's state of mind when he fired the gun, thereby determining whether a crime had been committed and, if so determining the degree of guilt. Based upon its verdict, the jury found that Appellant, intentionally and with malice killed the victim.

Upon review of the record, two (2) issues are preserved for appellate review; challenges to the sufficiency and weight of the evidence. We will address both issues

When reviewing a claim that the evidence was insufficient to support the verdict, all evidence and reasonable inferences therefrom are viewed in the light most favorable to the Commonwealth as the verdict winner. Commonwealth v. Simmons, 662 A.2d 621 (Pa. 1995); Commonwealth v. Burgos, 610 A.2d 11 (Pa. 1992). The appellate court Amust determine whether the evidence was sufficient to enable the fact finder to find that all of the elements of the offenses were established beyond a reasonable doubt.@ Id. For the sufficiency of the evidence claim to be successful, Athe court must find that the evidence supporting the verdict of guilt is so weak and inconclusive that a jury of reasonable men and women could not be satisfied as to the guilt of the defendant beyond a reasonable doubt@. Commonwealth v. Kominsky, 361 A.2d 794, 798 (Pa. Superior 1976). AThe Commonwealth may sustain its burden by proving the crime=s elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part, or none of the evidence.@ Commonwealth v. Riley, 811 A.2d 610, 614 (Pa. Superior 2002), *quoting* Commonwealth v. Brown, 701 A.2d 252, 254 (Pa.Superior 1997). AThis standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt.@

2

Commonwealth v. Riley, 811 A.2d at 614, *quoting* Commonwealth v. Hardcastle, 546 A.2d 1101, 1105 (Pa. 1988).

In addition it is well settled law that a verdict is against the weight of the evidence only when the verdict was so contrary to the evidence as to shock one=s sense of justice. Commonwealth v. Dougherty, 679 A.2d. 779 (Pa. Superior 1996). An appellate court, reviews the exercise of the trial court's discretion, not the underlying question whether the verdict is against the weight of the evidence. The fact-finder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. In determining whether the "shock one's sense of justice" is standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Commonwealth v. Diggs, 949 A.2d 873, 879-80 (Pa. 2008) (*cert. denied*). With this guidance, and as more fully set forth below, it is clear the evidence was sufficient to support the guilty verdicts found by the jury and that the verdict was not contrary to the weight of the evidence.

Decedent's friend, Christopher Piklo was a witness to the incident. He also went to school with Appellant's daughter. He testified that prior to the incident the witness was in a group of six (6) people outside the Richmond Caterers near the playground. He had been drinking beer and smoking marijuana. He with others went to Elkhart Street after hearing noise and seeing commotion. He saw Robert McCreary, whom he knew as Red Nut involved in a fight with a man wearing a brown leather coat. He then saw Appellant leave his house carrying a firearm. Appellant first pointed the gun at his brother. He then pointed the gun at the witness' head and told him to leave. As he turned to leave, the witness saw the decedent, Billy Panas

3

fighting with another man. When the witness pulled Panas away from that fight, Appellant pointed the gun at Panas and shot him in the chest. N.T. 102-170.

Valerie Gomez, who also knew the decedent and Appellant also was part of the group outside the Richmond Caterers and also went to the shooting scene. She saw an individual whom she knew as Roman engaged in an argument with an older person. Red Nut appeared and told the other person to calm down. That person hit Red Nut. A fight ensued which then involved the decedent and another person. As the witness was watching the fights Appellant came out with a gun, waiving it around. Appellant told everyone "To back the f*** up." She testified that Appellant pointed the gun at Picklo first. Appellant then pointed the gun at the decedent. The decedent put his arms up and said, "What are you f***ing going to shoot me?" Appellant then shot him in the chest. N.T. 2/14/12, 171-222.

Anthony Piklo, Christopher Piklo's brother testified that he lived near the Stokley Playground and Richmond Hall. Prior to the shooting he was laying on his couch. He heard noise outside, got up, went to the window and left to join the crowd. He was with the decedent on the ground fighting with another man. As he tried to pull the decedent away from the fight, Appellant put a gun in his face and told him to "Back the f*** up." The witness complied. The decedent stood up, dusted himself off and said the Appellant was not going to shoot anyone. Appellant pointed the gun at the decedent and shot him in the chest. N.T. 2/15/12, 4-54.

Joseph Mascino testified that he, too was among the group at Richmond Hall prior to the shooting and was involved in the altercation prior to the shooting. He testified that Appellant pointed the gun at him as well. He put his hands up and backed up. Appellant put his gun back in his waist and walked to where the decedent was fighting. Appellant pulled the gun out and he heard Appellant and the decedent exchange words. He then heard the decedent say either

4

"You're not shooting sh*t or, you're not going to shoot anybody." He then heard a loud gunshot. Just prior to the shooting the decedent was getting up from the ground and was brushing his shirt off. N.T. 2/15/12, 87-144.

Police Officer Frank Luca responded to the radio call. He spoke with Appellant, whom he knew to be a police officer. Appellant said that he shot someone. They walked to the shooting scene and Appellant pointed to the ground. Officer Luca saw a fired cartridge casing and projectile. Appellant was still carrying the gun, a Smith & Wesson .9mm semiautomatic in a holster. He surrendered it to Officer Luca. N.T. 2/14/12, 222-228. Police Officer Christopher Reed processed the crime scene. Among the evidence he recovered was one .9mm fired cartridge casing. N.T. 2/14/12, 49-97.

Forensic evidence noted no lead residue on the victim's clothing allowing the fact finder to conclude that the gun was fired from a distance of at least three (3) feet. The recovered bullet and casing were tested and determined to have been fired from Appellant's gun. Medical evidence determined that the bullet entered the victim's chest and passed through his lung. The wound was fatal. Both Appellant and the decedent had alcohol in their systems at the time of the shooting, although not in a quantity that exceeded the .08 level of driving under the influence.

Clearly, this evidence was sufficient to allow the jury to conclude that the shooting was intentional, unjustified and with malice after Appellant pointed the gun at others. Accordingly sufficient evidence existed to permit the fact finder to convict of all charges.

After the Commonwealth rested Appellant presented four (4) witnesses who testified to a slightly different version of the facts. According to these witnesses the decedent was the aggressor. Their testimony, if believed would have permitted the fact finder to conclude that at the time Appellant subjectively believed, either reasonably or unreasonably that he needed to

5

shoot to protect himself or others. The fact that the jury chose not to accept this testimony did not, in this Court's view shock one's sense of justice. Accordingly, the Court denied Appellant's post sentence motions challenging the weight of the evidence. We believe that this was a proper exercise of our discretion.

Accordingly, for the reasons set forth above, the judgment of sentence should be affirmed.

**BY THE COURT:**

ROBINS NEW, J.

6