J-A30011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ALLEN UMSTEAD | : | |
| | : | |
| Appellant | : | No. 17 WDA 2016 |

Appeal from the Judgment of Sentence November 24, 2015
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015441-2014,
CP-02-CR-0015443-2014

BEFORE: BOWES, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED MARCH 16, 2018**

David Allen Umstead appeals from the judgment of sentence of twenty-one years and four-months to forty-two years and eight months imposed after he was convicted of third-degree murder and pled guilty to escape. We affirm.

The trial court set forth the following facts:

> On August 26, 2014, [Appellant] escaped from a halfway house where he was residing as part of a sentence on a third DUI offense[,] and committed a murder within two (2) days of being on the run. The murder took place during the early morning hours of August 29, 2014. [Appellant] met the 58 year old victim, Delrio Ivy, at a local bar named JR's Bar on East Ohio Street, which is located on the North Side of the City of Pittsburgh. [Appellant] and Mr. Ivy were observed drinking and playing pool together at the bar for some time during the evening on August 28, 2014 and [the] early morning hours of August 29, 2014. Surveillance footage showed that the two (2) men left the bar together sometime after midnight on August 29, 2014.

The two (2) men apparently walked from East Ohio Street several blocks to a Giant Eagle Store located on Pressley Street, near Cedar Avenue, where they were captured on Giant Eagle's surveillance camera around 12:38:50 am. Eleven (11) seconds later, surveillance footage from the store showed the two (2) men on the ground. Thirteen seconds after they were on the ground, [Appellant] is seen standing up while the victim remained on the ground. The attack lasted approximately 24 seconds. As a whole, the footage showed that Mr. Ivy was running away from [Appellant], and that [Appellant] chased after him, tackled him to the ground, got on top of him, and stabbed him repeatedly.

. . . .

Mr. Ivy suffered a total of six (6) stab wounds, which were mostly to his neck and upper chest. One of the stab wounds was "massive" and pierced his heart. The physical evidence also showed that Mr. Ivy had defensive wounds on his hands.

Trial Court Opinion, 2/8/17, at 4-5 (internal citations omitted).

Shortly after the incident, Mr. Ivy perished from his injuries. Appellant fled to Wyoming, where he was apprehended by police one month later. Based on the foregoing, Appellant was charged at separate docket numbers with criminal homicide and escape. Following a jury trial, Appellant was convicted of third-degree murder. A joint sentencing and plea hearing was held on November 24, 2015. At that hearing, Appellant pled guilty to escape. The court then imposed a sentence of twenty to forty years imprisonment for third-degree murder, and a consecutive sentence of sixteen to thirty-two months incarceration for escape, resulting in an aggregate term of twenty-one years and four months to forty-two years and eight months imprisonment.

Appellant filed a post-sentence motion, which the trial court denied on December 1, 2015. He then filed a timely notice of appeal and complied with the trial court's directive to file a Rule 1925(b) concise statement of errors complained of on appeal. The trial court authored its Rule 1925(a) opinion, and this matter is now ready for our consideration.

Appellant raises two questions for our review:

1. Was the evidence presented at Appellant's trial insufficient to establish, beyond a reasonable doubt, that he had not killed Delrio Ivy in an act of self-defense?

2. Was the evidence presented at Appellant's trial insufficient to establish, beyond a reasonable doubt, that he had not killed Delrio Ivy while in heat of passion?

Appellant's brief at 3.

Appellant's issues challenge the sufficiency of the evidence underpinning his conviction for third-degree murder. Whether the evidence was sufficient to support Appellant's conviction presents a matter of law. Thus, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Walls***, 144 A.3d 926, 931 (Pa.Super. 2016) (citation omitted). The following principles are well-established:

> There is sufficient evidence to sustain a conviction when the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to enable the fact-finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Further, we note that the entire trial record is evaluated and all evidence received against the

defendant is considered, being cognizant that the trier of fact is free to believe all, part, or none of the evidence.

*Commonwealth v. Diaz*, 152 A.3d 1040, 1043-44 (Pa.Super. 2016) (internal quotation omitted, citation omitted).

In order to convict an individual of third-degree murder, the Commonwealth must prove that the killing was committed with malice. *Commonwealth v. Packer*, 168 A.3d 161, 168 (Pa. 2017). Malice "comprehends not only a particular ill-will, but every case where there is wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty[.]" *Id*. (citation omitted). We have long held that "malice may be inferred through circumstantial evidence, such as the use of a deadly weapon on a vital part of the victim's body." *Commonwealth v. Hicks*, 156 A.3d 1114, 1124 (Pa. 2017) (citation omitted).

In his first issue, Appellant argues that the Commonwealth failed to disprove his claim of self-defense. When the defendant raises a claim of self-defense, "the burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense. *Commonwealth v. Smith*, 97 A.3d 782, 787 (Pa.Super. 2014) (citation omitted). The justified use of deadly force requires that: "a) the actor was free from fault in provoking or continuing the difficulty which resulted in the use of deadly force; b) the actor must have reasonably believed that he was in imminent danger of death or serious bodily injury, and that there was a necessity to use such force in order to save himself or others therefrom; and

c) the actor did not violate any duty to retreat or to avoid danger." ***Id***. (citing ***Commonwealth v. Harris***, 665 A.2d 1172, 1174 (Pa. 1995).

At trial, Appellant argued that he attacked Mr. Ivy only after Mr. Ivy attacked him with a knife. Appellant contends that the Commonwealth failed to offer any evidence to rebut his claim of self-defense. He maintains that the fact-finder's mere rejection of his claim was not sufficient to overcome the Commonwealth's affirmative duty to offer evidence to the contrary. He notes that the Commonwealth did not proffer eyewitness testimony or any other evidence to rebut his version of the event, and the video recording of the encounter does not provide an up-close vantage point or any audio. As such, Appellant asserts that there was no indication of the circumstances surrounding his brawl with Mr. Ivy, such as what was said between the parties, who provoked the encounter, and whether Appellant believed that he was in danger of serious bodily injury.

Appellant concedes that the video shows him following Mr. Ivy, but contends that the conclusion that he had decided to "hunt [Mr. Ivy] down" is mere speculation. Appellant's brief at 23. Appellant then offers various interpretations as to what the recording depicts in an apparent effort to establish that his conviction was not proven beyond a reasonable doubt. Essentially, Appellant argues that the lack of detail in the video recording rendered the jury's findings merely conjecture. We disagree.

At the outset, we note "the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence."

*Commonwealth v. Knox*, 165 A.3d 925, 927 (Pa.Super. 2017) (citation omitted).  It is the jury's province to resolve doubts raised by the defendant, and thus, we do not assess credibility or reweigh the evidence of record.  *Id*. Here, the jury clearly did not credit Appellant's alternative theories as to the circumstances surrounding Mr. Ivy's death.  Instantly, we find that, when reviewing the record in the light most favorable to the Commonwealth as the verdict winner, the Commonwealth provided ample proof beyond a reasonable doubt that Appellant was not acting in self-defense when he murdered Mr. Ivy.

We have reviewed the video recording of the night in question and observe the following.  The recording displayed Appellant and Mr. Ivy traveling together on a sidewalk.  Appellant and Mr. Ivy then engaged in a brief scuffle.  Mr. Ivy attempted to escape the fray by fleeing into the street. Appellant chased Mr. Ivy, following closely behind.  As they entered the middle of the street, Appellant tackled Mr. Ivy from the rear.  After the two fell onto the pavement, Appellant straddled Mr. Ivy, who was lying on his back.  A further scuffle ensued, after which Appellant is seen abruptly rising and fleeing off-screen.  Mr. Ivy can then be seen slowly rising and walking to the side of the road while bleeding profusely.

The Commonwealth established that, during this attack, Appellant stabbed Mr. Ivy six times to the neck, upper chest, and left arm, including lethal wounds to the neck and heart.  Mr. Ivy also sustained numerous injuries on his right arm and hands, which the Commonwealth's expert in

forensic pathology, Dr. Todd Luckasevic, opined were "defensive type incise wounds." N.T. Trial, 8/25/15, at 75. Although a utility knife bearing Mr. Ivy's DNA was discovered at the scene of the crime, that knife was found thirty-five feet from the middle of the street where Mr. Ivy was assaulted. *Id*. at 126.

Based on this evidence, and our review of the video recording, we find that the jury could have reasonably inferred that Appellant instigated the assault on Mr. Ivy. In addition, Appellant continued his attack despite Mr. Ivy's clear attempt to escape from him. Indeed, Appellant had the opportunity and ability to safely retreat and avoid any further confrontation. Instead, he continued after Mr. Ivy, tackled him to the ground, and stabbed him six times. Hence, we find that the Commonwealth adduced sufficient evidence to overcome Appellant's claim that he acted in self-defense, and no relief is due. *Harris*, *supra*.

Appellant next argues that the Commonwealth failed to prove that he was not acting under a sudden and intense passion at the time he killed Mr. Ivy, which constitutes voluntary manslaughter instead of third-degree murder. Under the Crimes Code, "[a] person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by . . . the individual killed[.]" 18 Pa.C.S. § 2503(a). We have previously stated, "[v]oluntary manslaughter is the appropriate verdict when the killing is in the 'heat of passion' as a result of provocation by the victim."

- 7 -

*Commonwealth v. Truong*, 36 A.3d 592, 600 (Pa.Super. 2012) (citation omitted). Further, "[t]he test for [serious] provocation is whether a reasonable person confronted by the same series of events, would become impassioned to the extent that his mind would be incapable of cool reflection." *Id*. (citation omitted).

Appellant contends that the Commonwealth failed to establish that he was not "moved to the point of rage when he stabbed [Mr.] Ivy," or that he did not have "an opportunity to calm down" after the victim "had stabbed him." Appellant's brief at 36. He maintains that Mr. Ivy's attack upon him "constitutes objectively reasonable provocation," and given the short time-frame in which the events occurred, his eventual killing of Mr. Ivy represents "both an act of rage and the absence of cooling-off time." Appellant's brief at 36-37. We disagree.

Upon review of the record in the light most favorable to the Commonwealth as the verdict winner, we find that the Commonwealth supplied sufficient evidence to prove beyond a reasonable doubt that Appellant did not kill Mr. Ivy after being provoked by the victim. In addition, we note that, contrary to Appellant's protestations, the Commonwealth was not required to prove beyond a reasonable doubt that Appellant was not acting under a sudden and intense passion at the time of the crime. Herein, although Appellant alleged that he sustained an injury to his right arm after being attacked by Mr. Ivy, the jury clearly did not credit this evidence. Significantly, from our review of the video recording of the incident, the jury

- 8 -

could have reasonably inferred that Appellant provoked, and continued, the fight that led to Mr. Ivy's death, as opposed to Appellant's assertion that Mr. Ivy started the brawl. Thus, we find that the Commonwealth proffered sufficient evidence that Appellant was not acting in the heat of passion that resulted from serious provocation by Mr. Ivy. 18 Pa.C.S. § 2503(a). As such, this claim fails.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/16/2018