J-S44039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVIS A. STAMBAUGH | : | |
| | : | |
| Appellant | : | No. 2031 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 15, 2019
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s): CP-44-CR-0000310-2018

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

CONCURRING STATEMENT BY NICHOLS, J.:**FILED: JANUARY 6, 2021**

I agree with the majority that Appellant is not entitled to relief based on the trial court's denial of his request for a self-defense instruction. However, I would not address the questions of whether Appellant was an initial aggressor or otherwise provoked the shooting for the reasons herein.

Here, the Commonwealth charged Appellant with simple assault and recklessly endangering another person based on the allegation that he "intentionally shot [the complainant] with a handgun in the right ear." Information, 6/27/18, Cts. 9-10. Therefore, as noted by the majority, self-defense required Appellant to admit that he intentionally shot at the complainant in order to protect himself. *See* Majority Mem. at 10 n.4. I add that in *Commonwealth v. Philistin*, 53 A.3d 1 (Pa. 2012), our Supreme Court rejected a defendant's claim that his trial counsel was ineffective for failing to request a self-defense instruction. *Philistin*, 53 A.2d at 12. In so

doing, the **Philistin** Court concluded that self-defense was not available when the defendant alleged that he fired a handgun "at the ground" during an altercation with police officers. **Id.** Similarly, in **Commonwealth v. Harris**, 665 A.2d 1172 (Pa. 1995), our Supreme Court noted that "self-defense necessarily requires that the appellant admit that the shooting was intentional in order to protect one's self" and that "self-defense . . . is mutually exclusive of the defense of accident or mistake." **Harris**, 665 A.2d at 1175 (citations omitted). In **Harris**, the defendant admitted to pointing a firearm at the decedent to protect himself, but alleged that the fatal shot occurred accidentally during a struggle over the firearm. **Id.** at 1173-75.

Because nothing in the trial record established that Appellant admitted to possessing the firearm or shooting the complainant in order to protect himself, I would conclude that there was no foundation for self-defense. **See Philistin**, 53 A.2d at 12, **Harris**, 665 A.2d at 1175. Therefore, I would affirm the trial court's ruling denying Appellant's request for a self-defense jury instruction on this basis alone and would not reach the issue of whether the trial record demonstrated that Appellant was an initial aggressor or provoked the shooting.

For these reasons, I respectfully concur.