J-S04020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIO H. CILINO | : | |
| | : | |
| Appellant | : | No. 2480 EDA 2024 |

Appeal from the Order Entered August 7, 2024
In the Court of Common Pleas of Wayne County
Criminal Division at No: CP-64-CR-0000383-2016

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED OCTOBER 10, 2025**

Appellant, Antonio H. Cilino, appeals from the order entered in the Court of Common Pleas of Wayne County (trial court),[1] which denied Appellant's *pro se* motion for post-conviction DNA testing. Upon review, and pursuant to our Supreme Court's recent opinion in ***Commonwealth v. Hardy***, 337 A.3d 385 (Pa. 2025), we affirm.

The trial court has summarized the factual and procedural background of this case as follows:

> On January 24, 2018, a jury found [Appellant] guilty of third-degree homicide for the killing of his brother, Joseph Cilino ("the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] "We refer here to the 'trial court' rather than the 'PCRA court' because requests for DNA testing are distinct from petitions filed under the PCRA, and Section 9543.1 directs that the applicant file the motion for DNA testing in the court that imposed the applicant's sentence." ***Hardy***, at *10, n.54 (citation omitted).

victim"). The evidence at trial showed that the murder was motivated by the victim being romantically involved with [Appellant]'s ex-paramour, who is the mother of [Appellant]'s child. On September 2, 2016, following a custody exchange, [Appellant] followed the vehicle occupied by his ex-paramour, the child and the victim. The ex-paramour pulled the vehicle into a driveway and the victim exited and ran into the woods. [Appellant] parked his vehicle behind and approached the vehicle occupied by his ex-paramour and son. [Appellant] attempted to reach through the window and tapped on the window with an object in his right hand. The victim then reappeared from the woods, and [Appellant] turned and shot him with a .22 caliber pistol. The ex-paramour heard the victim say, "You shot me." An altercation ensued between [Appellant] and the victim, at which time the ex-paramour drove away. Police [O]fficer Raymond Paquette testified that [Appellant] approached him that day and stated that he had shot his brother. Police later found the victim's body on the porch of the residence at the end of the private driveway. At trial, [Appellant] denied pulling the trigger and testified that the gun went off during the altercation with the victim.

[Appellant] appealed his sentence of March 1, 2018, and the Superior Court affirmed the sentence on May 16, 2019. *See* No. 1026 EDA 2018. [Appellant] subsequently filed a Petition for Post-Conviction Relief, and a hearing was held on December 4, 2020[.] On March 10, 2021, [the PCRA court denied relief. Appellant appealed.] The Superior Court affirmed the denial on April 20, 2022. *See* No. 708 EDA 2021.

On June 3, 2024, [Appellant] filed a document [titled] "Extraordinary Motion for Post Conviction DNA Testing and For a New Trial." This [c]ourt's denial of said Motion is the subject of the instant appeal. In the Motion, [Appellant] requested "DNA Testing of Firearm, 22 caliber, Serial Number ML 62647, High Standard Incorporated Semi-Automatic Pistol, Item #3." This weapon was identified as item 3.1. at trial. **[Appellant] avers that DNA testing would establish the presence of his blood on the weapon, which would support his claim of self-defense**.

Trial Court Opinion, 10/10/24, at 1-2 (citations to the record omitted;

emphasis added).

The trial court denied relief, providing the following explanation:

[Appellant]'s request for DNA testing is not timely, and, upon review of the record, there is no reasonable possibility that testing the weapon would produce exculpatory evidence that would establish [Appellant]'s actual innocence. The presence of [Appellant]'s blood on the weapon would not prove his innocence of third-degree murder. In addition, as noted by this [c]ourt in its denial order of August 7, 2024, [Appellant] has not presented a *prima facie* case that his identity or participation in the crime was at issue.

Trial Court Opinion, 10/10/24, at 4.

Appellant now seeks review of that ruling, contending that the trial court erred in finding his motion was untimely because a request for DNA testing may be made at "any time." **See** Appellant's Brief, at 10-12. He argues further that the trial court erred in ruling that he failed to present a *prima facie* case, as DNA testing of the firearm would exonerate him by proving he shot the victim in self-defense. **See id**. at 13-14. Each of these claims will be addressed in turn below.

When reviewing an order of a trial court denying a motion for post-conviction DNA testing, our "task is to examine whether the lower court's rulings are supported by the evidence of record as well as whether they are free from legal error." **Hardy**, 337 A.3d at 404 (internal quotation marks omitted). We can affirm the trial court's decision if there is any basis to support it, even if we rely on different grounds to affirm." **Commonwealth v. Walsh**, 125 A.3d 1248, 1252-53 (Pa. Super. 2015) (citation omitted).

Here, the trial court denied Appellant's motion for postconviction DNA testing by finding that (1) the motion was untimely, and (2) Appellant failed to present a *prima facie* case that DNA testing would prove his actual innocence.

First, as to timeliness, we agree that the motion was not timely. Section 9543.1 of the PCRA makes it clear that a motion for postconviction DNA testing "may be sought at any time." **Hardy**, 337 A.3d at 408-09 (quoting 42 Pa.C.S.A. § 9543.1(a)(4)).[2] "This means that there is no fixed temporal period within which the applicant must seek DNA testing, and no invisible clock that is running against the applicant from any particular time." **Id**. at 418.

Applying the above standard, Appellant's motion for DNA testing was not time-barred due to being filed over a year after his judgment of sentence became final, as the trial court erroneously determined. **See** Trial Court Opinion, 10/10/24, at 4. Appellant was free to request DNA testing at any time after his judgment of sentence became final.

_____

[2] **See also** Pa.C.S.A. § 9543.1(a)(1): "An individual convicted of a criminal offense in a court of this Commonwealth may apply by making a written motion to the sentencing court at *any time* for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction." (emphasis added).

However, Section 9543.1 also requires that "the motion must be made in a timely manner,[3] which . . . means that it is aimed not to delay the execution of sentence or administration of justice, but rather is designed for the purpose of demonstrating the applicant's actual innocence." **Hardy**, 337 A.3d at 418.

To ensure that a request for DNA testing is not being used to cause delay, an applicant must, "in a sworn statement . . . assert the applicant's actual innocence of the offense for which the applicant was convicted and that the applicant seeks DNA testing for the purpose of demonstrating the applicant's actual innocence[.]" 42 Pa.C.S.A. § 9543.1(c)(2)(i). Applicants may not avail themselves of DNA testing and thereby establish that a motion

_____

[3] The **Hardy** Court noted that Section 9543.1(a)(4) is not amenable to a plain language reading, given the Supreme Court's discussion in **Commonwealth v. Edmiston**, 65 A.3d 339 (Pa. 2013), partially overruled on other grounds by **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020), and considering the changes wrought by Act 147 of 2018,

> interpreting the "timely manner" language as imposing an unspoken requirement that an applicant seek DNA testing within an unspecified and indeterminate period of time after some event—whether that be conviction, the development of a certain technology, the passage of a law, or something else—is not consistent with any other language of the statute, and could serve only an exclusionary function, and an unpredictable and idiosyncratic one at that. There is no indication that the General Assembly intended our courts to count to an undefined number of days and then close the courthouse doors to potentially meritorious claims of innocence.

**Hardy**, 337 A.3d at 414.

is filed "in a timely manner," unless this requirement is satisfied. *See Hardy*, 337 A.3d at 418.

Here, the record shows that Appellant failed to file the requisite sworn statement. *See* Appellant's Extraordinary Motion for Post Conviction DNA Testing and New Trial, 6/3/24.[4] By omitting the statement, and declining to subject himself to the penalty of perjury, Appellant has not provided the mandated assurance that his request for DNA testing was made for proper purposes, and not to cause delay. Accordingly, we must conclude that Appellant failed to show that his motion was filed in a "timely manner," and that the trial court was ultimately correct in finding his motion to be untimely filed. *See id.* (holding that Hardy's motion was timely because, *inter alia*, he filed said statement in accordance with subsection 9543.1(c)(2)(i)).

Second, we agree with the trial court's alternative basis for denying Appellant's motion – that he failed to satisfy the threshold requirement of presenting a *prima facie* case, and that DNA testing of the murder weapon would establish his "actual innocence."

Section 9543.1(c), relating to the requirements of a postconviction motion for DNA testing, reads in relevant part as follows:

---

[4] We note that Appellant did not address the timeliness of his DNA testing request in the underlying motion. Appellant addressed it for the first time on appeal. Yet, even at that point, Appellant failed to acknowledge, let alone address, the "timely manner" requirement under Section 9543.1(a)(4).

In any motion under subsection (a), under penalty of perjury, the applicant shall:

. . . .

(3) present a prima facie case demonstrating that the:

(i) identity of or the participation in the crime by the perpetrator was at issue in the proceedings that resulted in the applicant's conviction and sentencing; and

(ii) DNA testing of the specific evidence, assuming exculpatory results, would establish:

(A)   the applicant's actual innocence of the offense for which the applicant was convicted[.]

42 Pa.C.S.A. § 9543.1(c)(3)(ii)(A).

The "*prima facie* case" language of Section 9543.1(c)(3) requires "the applicant to make a case-specific showing that there is a 'reasonable possibility' . . . that 'DNA testing of the specific evidence, assuming exculpatory results, would establish' the applicant's 'actual innocence' of the offense in question[.]" ***Hardy***, 337 A.3d at 426 (quoting 42 Pa.C.S.A. §§ 9543.1(a)(6), (c)(3)(ii)(A), and (d)(2)).

"Actual innocence" in this context refers to "the proposition that the anticipated, newly discovered DNA evidence would make it more likely than not that no reasonable juror would have found the applicant guilty beyond a reasonable doubt." ***Id***. The inquiry is "highly fact-sensitive" and "will depend upon the nature of the Commonwealth's evidence identifying the applicant as the perpetrator of the offense[.]" ***Id***. Actual innocence may also refer to "the possibility that the defense's theory of innocence could have been accepted

as true by the fact-finder, if new and favorable DNA evidence were obtained." *Id*.

In the case at hand, Appellant's identity, presence, or participation in the events in question were not at issue at his trial. He made no claim that others were responsible for the underlying crimes. Even if DNA testing could confirm that Appellant's blood was on the weapon, that fact would obviously not establish that someone other than Appellant shot and killed the victim.

Additionally, the presence of his blood on his own weapon would neither confirm nor disprove whether Appellant acted in self-defense. Indeed, it is unclear how Appellant can even raise a self-defense justification at this juncture. In his trial, Appellant testified that the gun went off accidentally during his struggle with the victim.[5] He never asserted that he deliberately shot the victim to protect himself during a close-quarters fight, or that the victim drew his blood just prior to being shot. We note, to this end, that a self-defense justification is mutually exclusive to the defense of accident or mistake which Appellant raised at his trial. *See Commonwealth v. Harris*, 665 A.2d 1172, 1175 (Pa. 1995).

Thus, because the DNA testing of the firearm would not make it more likely than not that no reasonable jury would have found Appellant guilty beyond a reasonable doubt, we hold that the trial court did not err in ruling

_____

[5] *See* Appellant's Brief, at 10-11; *see also* PCRA Court Opinion, 10/10/24, at 2 (citing N.T. Trial, 1/23/18, at 207-09).

that Appellant failed to present a *prima facie* case under Section 9543.1(c)(3).[6,7] We therefore affirm the order of the trial court denying Appellant's motion for DNA testing of the weapon used to kill the victim in the underlying case.

_____

[6] We reiterate that the trial court, in determining whether to grant a postconviction relief motion seeking DNA testing, must review the motion, as well as the trial record, to assess whether there is "a reasonable possibility that DNA testing would produce exculpatory evidence that would establish petitioner's actual innocence." **Commonwealth v. Williams**, 35 A.3d 44, 50 (Pa. Super. 2011) (citations omitted). If it determines that there is no reasonable possibility that the testing would produce exculpatory evidence to establish actual innocence, then the court must deny testing. **Id.**; **see also** 42 Pa.C.S.A. § 9543.1(d)(2)(i).

[7] In passing, we also note that the firearm that Appellant seeks to have tested does not meet the threshold requirements of Section 9543.1(a)(2), which reads:

> The evidence may have been discovered either prior to or after the applicant's conviction. The evidence shall be available for testing as of the date of the motion. If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the evidence was subject to the testing, but newer technology could provide substantially more accurate and substantially probative results, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

Pa.C.S.A. § 9543.1(a)(2). Because it appears, *inter alia*, that the DNA testing sought in Appellant's motion existed at the time of trial, and the record does not establish that such testing in the present day is substantially more accurate than it was at the time of Appellant's trial, DNA testing is unavailable to Appellant. **See Hardy**, 337 A.3d at 418-20.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/10/2025