**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1490
_____

UNITED STATES OF AMERICA

v.

DAJOUR NAYLOR,
                    Appellant

_____

On Appeal from United States District Court
for the Western District of Pennsylvania
(D.C. 2:21-cr-00398-001)
District Judge: Honorable Marilyn J. Horan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
September 19, 2025

Before: RESTREPO, McKEE, and SMITH, *Circuit Judges*

(Opinion filed: January 29, 2026)

_____

OPINION*
_____

McKEE, *Circuit Judge*.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Dajour Naylor pled guilty to one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He appeals the District Court's application of a four-level sentencing enhancement under USSG § 2K2.1(b)(6)(B)[1] for possession of a firearm by a convicted felon in connection with another felony offense.[2] For the reasons that follow, we will affirm the District Court's judgment and conviction order.[3]

Under USSG § 2K2.1(b)(6)(B), a sentence may be enhanced if the defendant "used or possessed any firearm or ammunition in connection with another felony offense."[4] We agree that the evidence was sufficient to support the District Court's conclusion that Naylor committed the felony of recklessly endangering another person.[5]

---

[1] The current version of the Guidelines, effective November 1, 2025, provides this enhancement at USSG § 2K2.1(b)(7)(B). References herein to USSG § 2K2.1(b)(6)(B) refer to the version of the Guidelines used to determine Naylor's offense level at the time of sentencing.

[2] Naylor also contends that his conviction under 18 U.S.C. § 922(g)(1) violates the Second Amendment facially and as applied to him, and unconstitutionally exceeds the federal government's powers under the commerce clause. Naylor was on probation at the time of his offense and concedes that his arguments are foreclosed by precedent. We agree. *See United States v. Quailes*, 126 F.4th 215, 224 (3d Cir. 2025) (holding "§ 922(g)(1) is constitutional as applied to [people] on parole or probation"); *United States v. Singletary*, 268 F.3d 196, 197 (3d Cir. 2001) (affirming "the constitutionality of § 922(g)(1) as a proper exercise of Congress' regulatory power under the Commerce Clause").

[3] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[4] U.S. Sent'g Guidelines Manual § 2K2.1(b)(6)(B) (U.S. Sent'g Comm'n 2021). "We review a district court's legal conclusion regarding the [Sentencing] Guidelines *de novo*, its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error." *United States v. Blackmon*, 557 F.3d 113, 118 (3d Cir. 2009) (citations omitted).

[5] *See United States v. Naylor*, No. 21-398, 2024 WL 617659, at *4 (W.D. Pa. Feb. 14, 2024). Naylor does not appear to challenge this conclusion. However, to the extent he

Despite the sufficiency of the evidence, Naylor contends that the District Court should not have applied the sentencing enhancement for recklessly endangering another person because he acted in self-defense when he fired a gun multiple times in a parking lot with several bystanders present. Under Pennsylvania law, the use of deadly force is justified if:

> a) the actor was free from fault in provoking or continuing the difficulty which resulted in the use of deadly force; b) the actor . . . reasonably believed that he was in imminent danger of death or serious bodily injury, and that there was a necessity to use such force in order to save himself or others therefrom; and c) the actor did not violate any duty to retreat or to avoid the danger. [6]

A "defendant's belief that he needed to defend himself with deadly force, if it existed, must be reasonable in light of the facts as they appeared to the defendant, a consideration that involves an objective analysis."[7] The District Court concluded that, even if Naylor believed he was in imminent danger of death or serious bodily injury, his belief that deadly force was necessary was not reasonable given "the totality of the circumstances."[8] Naylor argues the District Court "misapplied Pennsylvania law" when it concluded that his belief that such force was necessary was unreasonable.[9] The District

---

attempts to do so, he has forfeited the argument because "he tuck[ed] it into a single footnote, without supporting authority or analysis." *United States v. Yung*, 37 F.4th 70, 81 (3d Cir. 2022).

[6] *Commonwealth v. Harris*, 665 A.2d 1172, 1174 (Pa. 1995). It is undisputed that Naylor did not provoke the use of force against him.

[7] *Commonwealth v. Mouzon*, 53 A.3d 738, 752 (Pa. 2012).

[8] *Naylor*, 2024 WL 617659, at *5.

[9] Appellant Br. 30.

Court did not misapply Pennsylvania law in reaching this conclusion, particularly in light of the video exhibits in this record.

Furthermore, the District Court did not clearly err[10] in concluding that Naylor violated a duty to retreat.[11] Deadly force is not justifiable if "the actor knows that he can avoid the necessity of using such force with complete safety by retreating."[12] After the first gun shot was fired from a nearby hill, Naylor dove onto the ground. He scurried to a spot between two parked cars and picked up a gun from the ground. Although other individuals in the parking lot retreated and took cover, he stood up and fired the gun several times in the direction of the hill while running across the parking lot. Naylor then

_____

[10] For sentencing enhancements, "we review the District Court's application of the Guidelines to the facts for clear error." *United States v. Rodriguez*, 40 F.4th 117, 121 (3d Cir. 2022). Accordingly, we review for clear error whether a defendant has established the facts necessary to claim self-defense and defeat application of the §2K2.1(b)(6) enhancement. *See United States v. Mattox*, 27 F.4th 668, 676–77 (8th Cir. 2022) (applying clear error review to determine whether the defendant's claim of self-defense defeated application of a sentencing enhancement); *United States v. Clinton*, 591 F.3d 968, 974 (7th Cir. 2010) (same); *United States v. White*, No. 23-10194, 2024 WL 4987350, at *3 (5th Cir. Dec. 5, 2024) (same); *United States v. McGhee*, No. 22-3471, 2023 WL 3815181, at *2–3 (6th Cir. June 5, 2023) (same). "We find clear error if . . . we are left with the definite and firm conviction that a mistake has been committed." *United States v. Caraballo*, 88 F.4th 239, 244 (3d Cir. 2023) (citation modified). We will not reverse district court findings that are "plausible in light of the record viewed in its entirety." *Id.* (citation modified).
[11] We reject Naylor's argument that he had no duty to retreat because he did not use deadly force. Deadly force is force that "is readily capable of causing death or serious bodily injury." 18 Pa. Cons. Stat. § 501. Firing a gun multiple times while in a parking lot with several people present clearly qualifies. Likewise, we reject Naylor's argument that he had no duty to retreat because the attacker used a firearm. A person using deadly force has no duty to retreat if attacked by someone using a firearm *only if* he "is not engaged in criminal activity" or "in illegal possession of a firearm." *Id*. § 505(b)(2.3). At the time Naylor picked up the gun, he was a convicted felon unable to possess a firearm.
[12] *Id.* § 505(b)(2)(ii).

4

ran behind parked cars and returned fire again. Based on this evidence, the District Court's conclusion that Naylor had an opportunity to retreat was at least plausible. Thus, the District Court did not clearly err in rejecting Naylor's self-defense justification and applying the four-level sentencing enhancement.

For the foregoing reasons, we will affirm the District Court's judgment and conviction order.