J-A23013-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                         :   PENNSYLVANIA
                                         :
            v.                           :
                                         :
                                         :
TIMOTHY A. HANNA                :
                                         :
           Appellant           :   No. 1188 WDA 2018

Appeal from the Judgment of Sentence Entered, May 30, 2018,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0006686-2017.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:           FILED DECEMBER 06, 2019

Timothy A. Hanna appeals from the judgment of sentence imposed after he was convicted of aggravated assault, simple assault, harassment and disorderly conduct following a non-jury trial.[1]  After review, we affirm.

The trial court set forth a very detailed summary of the testimony in this case.  Essentially, Hanna went to the hockey rink in Bethel Park on March 11, 2017, after he received a phone call from his wife.   According to Hanna, the hockey coach, Dave Kelly, made disparaging remarks to Ms. Hanna about their son.  As Hanna waited outside the players' dressing room to talk to the coach after the game, the coach's wife, Christie Kelly, approached him and asked him not to speak with the coach for 24-hours as required by the coach's rule.  Hanna started screaming at Ms. Kelly and threatening to harm her husband.

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), 2709(a)(1), and 5503(a)(3).

He was bent over Ms. Kelly, poking her in the head with his nose and spitting on her. Ms. Kelly raised her hand and pushed Hanna's head away from her face. Hanna then hit Ms. Kelly in the head and knocked her to the ground. Hanna claimed he accidentally bumped Ms. Kelly in self-defense, after she struck him with her jewelry-cladded hand.

Later that evening, Ms. Kelly could not understand what her daughter was saying to her; she was dizzy and nauseated. She also had a "pounding headache." Mr. Kelly took Ms. Kelly to the hospital. While there, Ms. Kelly was so sensitive to the bright lights that they had to be turned off while she was examined. After several tests, including a CT scan, Ms. Kelly was diagnosed with a concussion and neck and back injuries.

Following the incident, Ms. Kelly was unable to work for three and one-half months and, during that time, she was deemed disabled by her employer's insurance company. Eventually, she returned to work on light duty and was restricted to working two to three days per week. As of the date of trial, Ms. Kelly was still being treated by a concussion specialist. She required physical therapy. Ms. Kelly continues to be sensitive to light and must work in dimly lit rooms. She still suffers from headaches as a result of the assault.

Following a non-jury trial, the court convicted Hanna of all charges. The trial court sentenced Hanna to 11 1/2 to 23 months of incarceration plus 3 years of probation. However, following post-sentence motions, the trial court reduced Hanna's sentence to 18 months of house arrest with electronic monitoring plus 3 years of probation.

Hanna filed this timely appeal. Both the trial court and Hanna complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Hanna raises five issues:

1. Did the trial court commit a legal error by concluding that the Commonwealth proved the mens rea, serious bodily injury, and causation elements of Aggravated Assault beyond a reasonable doubt?

2. Was the evidence insufficient to support a conviction for Aggravated Assault?

3. Should Mr. Hanna have been acquitted on the basis of the self-defense justification that was offered at trial?

4. Were Mr. Hanna's convictions against the weight of the evidence?

5. Should the case be remanded for further proceedings in light of new evidence?

Hanna's Brief at 7.

Initially we note that Hanna's first two issues relate to the sufficiency of the evidence to convict him of aggravated assault. Therefore, we address them together.

When analyzing whether the evidence was sufficient to support a conviction, this Court must "view the evidence in the light most favorable to the Commonwealth as the verdict winner in order to determine whether the jury could have found every element of the crime beyond a reasonable doubt." Commonwealth v. Thomas, 215 A.3d 36, 40 (Pa. 2019). "The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented."

Commonwealth v. Brown, 52 A.3d 320, 323 (Pa. Super. 2012). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." Commonwealth v. Vargas, 108 A.3d 858, 867 (Pa. Super. 2014) (en banc). Additionally, this Court cannot "re-weigh the evidence and substitute our judgment for that of the fact-finder." Id. A challenge to the sufficiency of the evidence presents a pure question of law and, as such, our standard of review is de novo and our scope of review is plenary. Commonwealth v. Jacoby, 170 A.3d 1065, 1076 (Pa. 2017).

Hanna first argues that the evidence was insufficient to sustain his conviction for aggravated assault. Specifically, he contends that the Commonwealth failed to show that Hanna exhibited the requisite level of recklessness contemplated under the Crimes Code and thus failed to establish the requisite mens rea.[2] Hanna's Brief at 13. Therefore, according to Hanna, his sentence should be vacated. Id. at 13. We disagree.

A person is guilty of aggravated assault "if he: (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly

_____

[2] The trial court specifically convicted Hanna on the basis that he recklessly caused serious bodily injury to Ms. Kelly under circumstances manifesting extreme indifference to the value of human life. Trial Court Opinion, 11/30/18, at 15.

or recklessly under circumstances manifesting extreme indifferent to the value of human life." 18 Pa.C.S.A. 2702(a)(1). Where the victim suffers serious bodily injury, the Commonwealth is not required to prove specific intent. Commonwealth v. Nichols, 692 A.2d 181, 185 (Pa. Super. 1997) (citing Commonwealth v. Hlatky, 626 A.2d 575 (Pa. Super. 1993), appeal denied, 644 A.2d 1200 (Pa. 1994)). "Serious bodily injury" is injury creating a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. 18 Pa.C.S.A. § 2301. Under those circumstances, "[t]he Commonwealth need only prove that [the defendant] acted recklessly under circumstances manifesting an extreme indifference to the value of human life." Id. To establish the degree of recklessness contemplated by the aggravated assault statute, "the offensive act must be performed under circumstances which almost assure that injury or death will ensue." Commonwealth v. O'Hanlon, 653 A.2d 616, 618 (Pa. Super. 1995); Commonwealth v. Hickson, 586 A.2d 393 (Pa. Super. 1990), alloc. denied, 593 A.2d 838 (1991).

Here, Hanna does not dispute that there was sufficient evidence to establish that Ms. Kelly suffered serious bodily injury.[3] Nonetheless, we note

---

[3] Although Hanna references serious bodily injury in his sufficiency issue, he does not address it in the argument portion of his brief relating to sufficiency. Rather, he focuses on the mens rea and recklessness elements. Because he did not develop this issue, it is waived. See Commonwealth v. Walter, 966 A.2d 560 (Pa. 2009).

that the evidence established that Ms. Kelly sustained serious bodily injury stemming from Hanna's attack. Ms. Kelly sustained a concussion. As a result, she was deemed disabled and unable to work for a period of time; she also required specialized medical treatment. Ms. Kelly continues to suffer from light sensitivity and headaches. Thus, contrary to Hanna's argument, because Ms. Kelly suffered serious bodily injury as a result of the assault, the Commonwealth was not required to prove specific intent. Thus, the Commonwealth only needed to prove that Hanna acted recklessly.

Based upon our review of the record, we conclude that the Commonwealth presented sufficient evidence to demonstrate that Hanna's conduct was reckless and therefore proved mens rea beyond a reasonable doubt. The trial court aptly summarized this evidence as follows:

> [Hanna] was substantially larger than Ms. Kelly, approximately a foot taller. The evidence established that [Hanna] was enraged and angry with the victim's husband. [Hanna] angrily directed threats to Ms. Kelly. He threatened to kill her husband. He was so close to her that he spit on her. When she tried to remove herself from the situation and after she asked [Hanna] to cease his conduct in front of the players, the defendant violently struck her in the head. [Hanna's] act of brutally punching Ms. Kelly in the face under these circumstances was sufficient to prove that he ignored a substantial and unjustifiable risk that Ms. Kelly would suffer serious bodily injury from his conduct.

Trial Court Opinion, 11/30/18, at 15-16. Moreover, we have previously held that a single punch to the head is sufficient to establish the requisite level of recklessness to prove aggravated assault when the victim suffers serious bodily injury. Commonwealth v. Burton, 2 A.3d 598, 605 (Pa. Super.

2010); see also Commonwealth v. Patrick, 993 A.2d 1043 (Pa. Super. 2007). We, therefore, conclude that the evidence was sufficient to demonstrate that Hanna acted recklessly.

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the Commonwealth presented sufficient evidence to sustain Hanna's conviction for aggravated assault. Accordingly, Hanna's first and second issues entitle him to no relief.

In his third issue, Hanna argues that the trial court erred in finding that he did not act in self-defense. Specifically, Hanna claims the trial court improperly concluded that Hanna had a duty to retreat; such obligation only applies to a claim of self-defense when deadly force is used. Hanna's Brief at 17. Therefore, according to Hanna, his sentence should be vacated. Id. at 18. We disagree.

As a general rule, an individual is justified in using force upon another person "when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S.A. 505 (a). "If the defendant properly raises self-defense under Section 505 of the Pennsylvania Crimes Code, the burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense." Commonwealth v. Smith, 97 A.3d 782, 787 (Pa. Super. 2014) (internal quotations and citations omitted). The justified use of deadly force requires, inter alia, proof "that the actor did not violate any duty to retreat or to avoid

the danger." Commonwealth v. Harris, 665 A.2d 1172, 1174 (Pa. 1995). However, in cases not involving deadly force, there is no legal duty to retreat. Commonwealth v. Pollino, 467 A.2d 1298, 1300 (1983). Where only battery is involved, "force may be met with force so long as it is only force enough to repel the attack." Id. at 1301.

At trial, Hanna claimed that he acted in self-defense by hitting Ms. Kelly when she tried to push him away. In considering his claim of self-defense, the trial court stated:

> You know, in the public arena when somebody is confronted with force being used, doesn't he have a duty to retreat if he can fairly do so, Mr. Horowitz? Isn't that the law? Is that not the law? When somebody is being confronted with an assault or some type of risk or threat of force being used against him, does he not have the duty to retreat?

N.T., 2/23/18, at 228. We agree that, under our cited precedent, Hanna had no duty to retreat in this matter. However, as the trial court explained, Hanna's claim of self-defense was not credible. The trial court observed: "The principal evidence that Hanna acted in self-defense was the self-serving statement of [Hanna] himself. Trial Court Opinion, 11/30/18, at 16. The trial court further determined that "[Hanna's] testimony was patently false in almost all respects beyond [Hanna's] admission that he was involved in the contentious event with Ms. Kelly." Id. at 17. The trial court explained:

> [T]his Court accepted the Commonwealth's evidence to establish that the defendant committed aggravated assault and simple assault against Ms. Kelly. The credible evidence demonstrated that the only contact initiated by Ms. Kelly was her attempt to push the defendant away from her as he was screaming

vulgarities, threatening her husband and spitting on her while his face was inches from hers. Moreover, discounting the defendant's version that he was attempting to defend himself at the time he struck Ms. Kelly, the only other remaining evidence supporting self-defense was the testimony of the defendant's son and two of the son's friends. Their testimony was inconsistent and also not credible. A few of the witnesses claimed Ms. Kelly slapped the defendant, not a punch as the defendant claimed. One witness claimed the defendant never entered onto the ice. This Court believes that the credible evidence established proof beyond a reasonable doubt that the defendant did not act in self-defense.

Trial Court Opinion, 11/30/18, at 17. From this statement, it is evident that the trial court did not find Hanna had a duty to retreat from the confrontation. Instead, the trial found Hanna's claim of self-defense was not credible. "Although the Commonwealth is required to disprove a claim of self-defense arising from any source beyond a reasonable doubt, a [trier of fact] is not required to believe the testimony of the defendant who raises the claim." Commonwealth v. Bullock, 948 A.2d 818, 825 (Pa. Super. 2008). The trial court was free to reject Hanna's testimony as incredible. As such, the trial court did not error in rejecting Hanna's claim of self-defense. Hanna's third issue entitles him to no relief.

In his fourth issue, Hanna claims that his conviction for aggravated assault was against the weight of the evidence.[4] Specifically, Hanna argues that the Commonwealth failed to prove that Ms. Kelly sustained serious bodily

_____

[4] We note that, in his statement of issues, Hanna references "verdicts" (plural) as being against the weight of the evidence. However, in his brief, he only addresses whether the Commonwealth established serious bodily injury which relates to the aggravated assault conviction. We further note that our interpretation that his weight claim only relates to the aggravated assault conviction is consistent with his post-trial motion.

injury or that the assault caused her injury. According to Hanna, at trial, the Commonwealth did not call an expert witness to testify regarding Ms. Kelly's concussion, but merely relied on her medical records. He claims that his conviction for aggravated assault was against the weight of the evidence. Hanna's Brief at 19, 20.

Initially, we note that the trial court concluded that Hanna waived this issue, finding that it was too vague for the court to determine the basis of his claim. Trial Court Opinion, 11/30/18, at 18. Based upon our review of the record, we agree.

An appellant must preserve a claim that the conviction is against the weight of the evidence with the trial court by making a motion for a new trial. Pennsylvania Rule of Criminal Procedure 607(A) provides an appellant three ways to preserve the issue: 1) orally, on the record, at any time before sentencing; 2) by written motion at any time before sentencing; or 3) in a post-sentence motion. Pa.R.Crim.P. 607(A)(1)-(3). "An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim." Commonwealth v. Weir, 201 A.3d 163, 167 (Pa. Super. 2018), appeal granted, 215 A.3d 966 (2019); see also Comment to Pa.R.Crim.P. 607. A claim challenging the weight of the evidence generally cannot be raised for the first time in a Rule 1925(b) statement. Commonwealth v. Sherwood, 982 A.2d 483, 494 (Pa. 2009).

Additionally, an appellant must comply with Pa.R.A.P. 1925 which requires an appellant to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this [Rule] are waived." Pa.R.A.P. 1925(b)(4)(vii). "[T]he Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal." Id. (brackets, internal quotation marks, and citation omitted). Moreover, "[a] theory of error different from that presented to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief." Commonwealth v. Ryan, 909 A.2d 839, 845 (Pa. Super. 2006) (citation omitted), appeal denied, 951 A.2d 1163 (2008); Tong-Summerford v. Abington Mem'l Hosp., 190 A.3d 631, 649 (Pa. Super. 2018).

Our review of the record reveals that, although Hanna raised a weight claim in his post-sentence motion, the theory set forth therein is different than that raised in his 1925(b) statement or on appeal. In his post-sentence motion, Hanna focused on the recklessness element of aggravated assault and claimed that:

> The evidence offered by the Commonwealth to demonstrate that Mr. Hanna's actions exhibited extreme indifference to the value of human life is such that sustaining a conviction for Aggravated Assault shocks the conscience.

In his 1925(b) statement, Hanna only set forth a general weight claim without specifying any particular basis for it. Additionally, in his appellate brief, Hanna focuses his weight claim on the serious bodily injury component of this offense. Because Hanna has presented different theories to the trial court and this Court as to why the verdict for aggravated assault is against the weight of the evidence, we conclude that Hanna has failed to comply with both Pa.R.Crim.P. 607 and Pa.R.A.P. 1925. Consequently, Hanna waived his weight claim, and we cannot address the merits.

In his fifth issue, Hanna argues that he has discovered new evidence. Specifically, he contends that Ms. Kelly and her husband filed a civil suit against him, where they claim he negligently, rather than intentionally, caused her injury. Because the victim now claims Hanna did not act intentionally, he claims this matter should be remanded for further proceedings. Hanna's Brief at 21.

Based upon our review of the record, we observe that Hanna did not raise this issue in his Pa.R.A.P. 1925(b) statement. As discussed above, "[i]ssues not included in the statement and/or not raised in accordance with the provisions of the [Rule] are waived." Pa.R.A.P. 1925(b)(4)(vii). We conclude that Hanna also waived this issue, and we cannot address the merits.[5]

_____

[5] We note that even if we were to address the merits, the Commonwealth points out that Ms. Kelly testified at the criminal trial that she might file a civil lawsuit. Therefore, contrary to Hanna's argument, the fact that Ms. Kelly filed a civil suit against Hanna is not new evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/6/2019